NAZIRA URREGO
25804 Leonard DR,
SOUTH RIDING VA, 20152
C

UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| NAZIRA URREGO | Case NO. 12-10909 |
| PLAINTIFF, | |
| Vs. | DEBTORS MOTION FOR ORDER OF SANCTIONS AND JUDGEMENT AGAISNT ALL THE CREDITORS |
| BANK OF NEW YORK MELLON, SAMUEL WHITE P.C GREEN TREE SERVICING L.L.C. BBW L.L.C. SELECT PORTFOLIO SERVINCING. | |
| DEFENDANTS, | |

FILED 2018 DEC -6 P 12: 20

Debtor Nazira Urrego moves for an order of sanctions and judgement

agaisnt all the creditors listed above. Since they refuse to remedy their

willful ongoing discharge injunction violation.

DEBTORS MOTION FOR ORDER OF SANCTIONS AND JUDGEMENT AGAISNT ALL THE CREDITORS - 1

Specifically, Samuel White P.C. violates the discharge order and order avoiding lien by continuing to harass debtor after bankruptcy with collection attempts and threats to enforce lien rights against debtor's home

Debtor has tried to resolve this matter directly with the creditors on numerous occasions and has been unable to do so. Debtor has informed creditors of the discharge order and order avoiding its mortgage lien repeatedly over the phone and in writing but the harassment continues.

Therefore, the debtor seeks the court to grant her motion for sanctions and judgement agaisnt the creditors.

## **BACKGROUND**

1. On February 13, 2012, the debtor mentioned herein filed a voluntary petition under Chapter 13 with her council Nathan Fisher.

On that same date, the debtor also filed a certificate of credit counseling along with her petition and with the assistance of her bankruptcy attorney Nathan Fisher.

2. Thereafter on January 28, 2016 the debtor received a discharged agaisnt all the creditors listed in the bankruptcy pursuant to code 11 U.S.C. 1328 (A).

3. The debtor seeks sanctions and judgement be imposed on all creditors listed above for violation of the discharged order.

4. Notice of the certificate of discharges was sent out to each and every creditor therefore there was no justification or pretext for the creditors to not concede in accordance to the discharge order.

### JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the

United States District Court for the Eastern District of Virginia dated August 15, 1984. A proceeding to prosecute a violation of the discharge injunction is a core proceeding under 28 U.S.C. § 157(b)(2)(A). See Budget Serv. Co. v. Better Homes of Virginia, Inc., 804 F.2d 289, 292 (4th Cir. 1986).

Accordingly, the Court has the authority to enter a final order subject under 28 U.S.C. § 158. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## ANALYSIS

1. Section 524(a)(2) of the Bankruptcy Code imposes an injunction after the issuance of the discharge order "against the commencement or continuation of an action, the employment of process, or an act, to collect,

recover or offset any such debt as personal liability of the debtor, whether or not discharge of such debt is waived." With respect to dischargeable debts, the discharge injunction serves to replace the automatic stay.

2. Any behavior which would constitute a violation of the discharge injunction once the stay has expired. See In re Mickens, 229 B.R. 114, 117 (Bankr. W.D. Va. 1999) (citing in re Holland, 21 B.R. 681, 688 (Bankr. N.D. Ind. 1982)). a violation of the discharge injunction may be prosecuted for contempt of court, and appropriate sanctions

may be awarded. See In re Jones, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007); In re Gates, Case No. 04-12076, Adversary Proceeding No. 04-1240, 2005 Bankr. LEXIS 2034, at *11 (Bankr. E.D. Va. May 10, 2005); Cherry v. Arendall (In re Cherry), 247 B.R. 176, 186–87 (Bankr. E.D. Va. 2000).

### Authority to Enforce the Discharge Order

Section 105 of Title 11 empowers bankruptcy courts to issue orders and judgments as necessary to enforce § 524's discharge order provisions. Bankruptcy courts also possess inherent powers to sanction wrongful practices, so long as the sanctions don't contravene express Code provisions. Law v. Siegel, 134 S. Ct. 1188, 1194 (2014).

## Legislative History

Legislative history demonstrates that the purpose of the discharge order was to "eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts." H.R. Rep. No. 95-595, at 365-66 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6321. The discharge injunction "is intended to ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it. In effect, the discharge

extinguishes the debt, and creditors may not attempt to avoid that." Id. at 366 (emphasis added).

**Sanctions for Contempt**

A willful violation of the discharge order entitles aggrieved debtors to compensatory sanctions including actual damages, mild coercive sanctions, and reimbursed fees and costs. Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1197 (9th Cir. 2003); In re Segal, BAP No. CC-14-1175-KuPaTa, pg. 19 (9th Cir. BAP Jan. 29, 2015).

DEBTORS MOTION FOR ORDER OF SANCTIONS AND JUDGEMENT AGAISNT ALL THE CREDITORS - 7

A debtor is entitled to recover compensation for emotional harm resulting from a discharge violation, even in the absence of any economic loss. In re Feldmeier, 335 B.R. 807, 813-814 (Bankr. D. Or. 2005) (awarding emotional harm damages under section 524 without any economic loss); In re Culpepper, 481 B.R. at 655 (same).

## CONCLUSION

All the creditors listed above should be imposed sanctions and judgment And held guilty of violating the discharge injunction. Debtor should be fairly compensated for the harm caused by the creditors harassment.

DEBTORS MOTION FOR ORDER OF SANCTIONS AND JUDGEMENT AGAISNT ALL THE CREDITORS - 8

DECEMBER 3, 2018

_____
NAZIRA URREGO

DEBTORS MOTION FOR ORDER OF SANCTIONS AND JUDGEMENT AGAISNT ALL THE CREDITORS - 9

I certify that on the 5 day of December, 2018, I served true and accurate copies of the foregoing document on the following persons,

ANDREW M WILSON

BLANK ROME L.L.P.

1825 Eye St, NW,

Washington DC. 2006

DEBTORS MOTION FOR ORDER OF SANCTIONS AND JUDGEMENT AGAISNT ALL THE CREDITORS - 10

SAMUEL, I WHITE P.C.

ELIZABETH A. COLTRANE ESQ

5040 Corporate Woods Dr, Suite 120

Virginia Beach, Virginia 23642

SAMUEL I WHITE. P.C

Lisa Hudson KIM ESQ

5040 Corporate Woods Dr, Suite 120

Virginia Beach, Virginia 23642

GREEN TREE SERVICING L.L.C.

P.O BOX 6154

RAPID CITY, SD 57709

DEBTORS MOTION FOR ORDER OF SANCTIONS AND JUDGEMENT AGAISNT ALL THE CREDITORS - 11

| | |
|---|---|
| 1 | BBW LAW GROUP L.L.C. |
| 2 | 8100 THREE CHOPT ROAD |
| 3 | |
| 4 | SUITE 240 |
| 5 | RICHMOND VA 23229 |
| 6 | |
| 7 | |
| 8 | SELECT PORTFOLIO SERVICING INC. |
| 9 | P.O BOX 65277 |
| 10 | SALT LAKE CITY, UT, 84165 |

DEBTORS MOTION FOR ORDER OF SANCTIONS AND JUDGEMENT AGAISNT ALL THE CREDITORS - 12